## PAGE & a. *v.* CARTER.

If a debtor, in order to secure the concurrence of a creditor to a composition, pay or secure to him a sum of money, he does not thereby vacate such composition, nor forfeit the benefits which it purports to provide for him, in releasing him from the claims of the several parties to the arrangement.

ASSUMPSIT on a promissory note dated October 28, 1826, for $1000, made by the firm of Joel Carter & Co. of which the defendant was a member, and payable to the plaintiff on demand.

The writ is dated January 14, 1841.

Page *v.* Carter.

Plea, the general issue with a brief statement of the statute of limitations.

For the purpose of taking the case out of the operation of the statute of limitations, the plaintiff proved that on the first day of May 1827 said firm made an assignment of their property for the benefit of their creditors, and that the plaintiffs became a party to the assignment. By its terms the creditors' parties thereto released and discharged their respective claims against the said debtors, excepting their proportion of the assets which they might receive by virtue of the assignment.

The plaintiffs further proved that after they had become parties to the assignment, said firm induced certain other creditors to become parties to the same by giving them their promissory notes for some part of their respective debts, and offered evidence tending to show that this was without the consent or knowledge of the plaintiff, and that they had no notice of that fact until within six years prior to the commencement of this action.

Upon the foregoing evidence, the court ordered a verdict for the defendant.

If the Superior Court shall be of opinion that said direction is right, judgment is to be entered on the verdict; otherwise the verdict is to be set aside and a new trial granted.

*Farley*, with whom was *Parker*, for the plaintiff. Those who came in under the compromise were to have each their proportion of the property. The greater the number that came in, the smaller the dividend. If the defendant by any unfair means induced those to come in who otherwise would not have done so, this was a fraud upon the others who signed.

All securities given for such consideration would be void. 1 B. & Al. 1; 2 T. R. 763; 3 T. R. 551; 4 T. R. 166; 1 H. Bl. 647; 2 Bing. 443.

The party negotiating for relief is bound to act in perfect good faith to all concerned. 4 E. 372; *Howden* v. *Haigh*, 11 Ad. & E. 1033.

The statute begins to run from the time the fraud is discovered. 3 P. W. 143; 2 Doug. 655; 3 Mass. 201; and a fraudulent concealment of the fact that a cause of action had accrued, is a good replication to a plea of the statute of limitations. 1 Pick. 435; 3 Pick. 74; 9 Pick. 212; 244, 245. If the assignment were void, so that the note was not discharged by the release, this fraud keeps the note alive; if not, the defendant is a gainer by what the law calls fraud.

The case of *Howden* v. *Haigh*, 11 Ad. & E. 1033, inclines to the doctrine that the deed of composition would be void.

*Pierce*, and *Sawyer*, for the defendant.

GILCHRIST, J. It is perfectly well settled, that a note given by a debtor for the purpose of inducing a creditor to consent to a composition, is voidable at law or in equity. One reason assigned for this rule is, that the parties who release their respective claims act together for the common purpose of setting the debtor free from his embarrassments, and each is induced to forego his own claim or a certain part of it, by the consideration that such a benefit shall be fully secured to the debtor; a thing which he would not do upon any inducement short of that; and any creditor who takes from the debtor a note or other security for any thing beyond the composition, defeats its object and the intentions of the several parties to it. Lord *Kenyon*, C. J., in *Cockshott* v. *Bennett*, 2 T. R. 765.

Another reason is that which is assigned by Mr. Justice Buller in the same case, that the debtor is supposed in such cases to act under the influence of distress and con-

straint. In *Smith* v. *Bromley*, cited by that judge and reported in a note to *Jones* v. *Barkley*, Doug. 695, the same reason is more pointedly stated by Lord Mansfield, whose opinion would have the effect of extending the principle so as to avoid securities entered into by third persons for such a purpose. "If any near relation is induced to pay the money for the bankrupt, it is taking an unfair advantage and torturing the compassion of his family." This class of persons, as well as sureties, are considered as being comprehended by the rule. *Lewis* v. *Jones*, 4 B. & C. 506, and note in which the cases in the English courts are cited.

But none of these cases, nor the reasons upon which they are based, go to the extent of avoiding the composition, by reason of any such unfair preference obtained by a creditor through a secret agreement with the debtor. The rule appears to have been made for his benefit and protection, rather than for the sake of any advantage to the creditors at large; their only interest in the faithful execution of the agreement being that which they justly have in the absolute and full achievement of their purpose in his behalf. To hold therefore that the debtor should be charged with complicity in a fraudulent transaction designed to defeat the measures which have been instituted for his relief, would be to engraft upon that rule of law, an alien branch that would conflict with its beneficial purposes.

The case of *Howden* v. *Haigh*, 11 Ad. & E., which has been cited as tending to favor the proposition that such a fraudulent act would defeat, by reason of the debtor's concurrence in it, the benefits to which he would otherwise be entitled under the composition, does not appear to sustain it. The point which is there decided, and to which it is there cited by the writers, is that the fraud destroys the security which the creditor takes for the sum to

which he is fairly entitled and the excess also. Chitty on Contracts 460.

These cases of composition between a debtor and his creditor, must not be confounded with those which have arisen under the English bankrupt laws, in which it has been held that money paid or secured to a creditor to induce him to sign the bankrupt's certificate, would have the effect of avoiding the certificate, even if such payment or security was made by a stranger, and without the privity of the bankrupt. These cases proceed upon the ground that the policy of the statute, which in terms vacated certificates procured through such influences, required that the creditors should act without such a bias. "The test which the legislature requires, is the unbiased approbation of the creditors." "Although a third person shall not be punished for the fraud of another, he shall not avail himself of it." *Robson* v. *Calze*, Doug. 227. Between these two classes of cases there is obviously no analogy.

We are unable from the cases which have been examined, or from the reasons upon which they are in general founded, to derive any such doctrine as that which is propounded by the plaintiffs in this case. There must therefore be.

*Judgment on the verdict.*